IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ELIZABETH BOWERMAN, et al.,

    Plaintiffs,

    v.

ST. CHARLES HEALTH SYSTEM, INC.,

    Defendants.

_____

Case No. 6:23-cv-01488-MC

OPINION & ORDER

MCSHANE, Judge:

    After missing the deadline to file a notice of appeal, Plaintiffs' Counsel now requests an extension of time in which to refile the notice appealing the Court's Judgment of dismissal. Pls.' Mot., ECF No. 55. Because the delay cannot be attributed to excusable neglect, the Motion is DENIED.

    A notice of appeal must be filed within 30 days after entry of the judgment. Fed. R. App. P. 4(a)(1)(A). The rule, however, provides a grace period of 30 days during which a lawyer "may ask the district court for an extension of time, and the court, in the exercise of its discretion, may grant the extension if it determines that the neglect of the attorney was 'excusable.'" *Pincay v. Andrews*, 389 F.3d 853, 854 (9th Cir. 2004); *see also* Fed. R. App. P. 4(a)(5)(A).

1 – Opinion & Order

The 30-day clock for Plaintiffs' appeal began on July 1, 2024. On that day, this Court issued three rulings: an Opinion dismissing all claims with prejudice,[1] a Judgment dismissing the case, and an Order directing Counsel to submit a declaration certifying that each plaintiff had been told their claims were dismissed for failure to timely file and that each plaintiff had been provided the contact information for the Oregon State Bar Professional Liability Fund. *See* Opinion and Order, ECF No. 39; Judgment, ECF No. 40; Scheduling Order, ECF No. 41.

Following the dismissal, and despite the Court ruling that all claims were time barred, Plaintiffs' Counsel chose to refile identical claims with the same Plaintiffs as separate cases throughout the District. Those cases were assigned to several different Judges, who were not notified by Counsel of the claims' prior litigation and dismissal. This Court collected the time-barred cases, dismissed them, and held a Show Cause Hearing to discuss the concept of res judicata and properly appealing a decision. *See* Minutes, ECF No. 46.

On August 12, 2024, forty-two days after the Judgment of Dismissal was issued, Plaintiffs moved for reconsideration and relief from the Judgment. Mot., ECF No. 50. The Court denied the motion the next day, and Plaintiffs filed a notice of appeal, attempting to appeal the reconsideration denial, the Judgment, and, confusingly, the show cause hearing. *See* Notice. App. 1, ECF No. 53.

Only after being informed by the Ninth Circuit of the tardiness of their appeal does Counsel now request an extension of time to refile.[2] *See* Janzen Decl., ¶ 3, ECF No. 56.

---

[1] The claims brought by Plaintiffs Hindman, Riley, Terry, Peachy (Payne), Bird, Steinhoff, Karr, Coe (Valberg), Fulton, Shriner, and Narver were dismissed with prejudice. The claims brought by Plaintiffs Bowerman, Fleischer, Goodrich, and Firebaugh were dismissed with prejudice. Plaintiffs Davis and Harris were dismissed from this action without prejudice, and allowed 30 days to file new, separate complaints addressing only the Plaintiff's individual claims. Opinion and Order, ECF No. 39.

[2] The Motion "wish[es] to appeal the Court's Judgment entered in this case on July 2, 2024 [sic]." Pls.' Mot. 2. However, the notice submitted in conjunction with the Motion again seeks to appeal the denial of reconsideration (ECF No. 52), the Judgment (ECF No. 40), and the show cause hearing (ECF No. 46). Ex., ECF No. 58.

2 – Opinion & Order

According to Counsel, "[t]here is good cause for the Court to allow the late notice of appeal of [sic] to be filed because counsel for the Plaintiffs mistakenly believed that the court's order setting the deadline for the motion for relief from judgment extended the appeal deadline on the underlying judgment." Pls. Mot. 2. Such a mistake, Counsel argues, is "excusable" neglect.[3] *Id.*

Not only does Counsel's proffered excuse fail to account for the fact that the motion for reconsideration also exceeded the 30-day window, but it also blithely ignores the level of negligence demonstrated by Counsel throughout this action. As a primary example, the claims of 11 Plaintiffs were dismissed with prejudice because Counsel failed to file within the applicable statute of limitations. Likewise, instead of timely filing an appeal following the dismissal, Counsel chose to refile separate claims contrary to this Court's order and the law. Their incompetent response to the dismissal directly caused the delay that resulted in Counsel missing the window for their appeal.

Beyond this case, Counsel has consistently demonstrated an inability to meet deadlines throughout this District, resulting in numerous Judges admonishing Counsel for untimeliness and lack of professionalism. *See, e.g.*, Opinion and Order, *Prakash v. Oregon Health and Science University*, No. 3:23-cv-01653-IM (Apr. 30, 2024), ECF No. 20 (listing over one dozen cases in this District in less-than one year where Counsel has been admonished for untimeliness).

Plaintiffs' Counsel has also demonstrated an alarming pattern of failing to communicate with their clients. Despite ordering a declaration certifying that each Plaintiff had been notified

---

[3] Notably, as support for why Counsel's mistake should be deemed "excusable neglect," Counsel offers *Pincay v. Andrews*, 389 F.3d 853, 854 (9th Cir. 2004). *Pincay* amounted to a calendaring error made by a paralegal; it is entirely distinguishable from the present case and provides no support for Counsel's position. Moreover, the Ninth Circuit's decision to reverse in favor of finding excusable neglect hinged on not setting a precedent of per se inexcusable neglect when lawyers delegate calendaring to paralegals. *See Pincay*, 389 F.3d at 856.

3 – Opinion & Order

of the dismissal of their claims, this Court received an email from Plaintiff Heidi Valdez (Narver) on September 10, 2024. In her letter, Ms. Narver included the following:

> This is the second time that I have found myself as a named Plaintiff in a discrimination claim under Title VII of the Civil Rights Act and Oregon Law against former employer, Defendant St. Charles Health System, Inc. by way of websites. … Any certification that they represent me in this matter is false. I just learned today that an Appeal was filed on my behalf without my knowledge or permission.
>
> Per the Amended Motion to Dismiss filed by St. Charles in Deschutes County Case No. 23CV16587 Janzen Legal Services has incompetently handled this matter for me and all harmed St. Charles employees. They concealed from me all pleadings, including the motions to dismiss, and their failures to meet time bars that they should have known existed. … Janzen's have yet to notify me a Plaintiff in this case, that there is an unfavorable judgment or order against me.

The letter is attached to this Opinion as Exhibit A.

Where an attorney has repeatedly failed to appear at hearings and meet deadlines, inappropriately refiled dismissed and litigated claims, evaded and displaced responsibility for errors, and generally disobeyed orders of the court, that attorney's negligence cannot be categorized as excusable.

The Motion for Extension of Time to File an Appeal, ECF No. 55, is DENIED. Defendants' Unopposed Motion for Extension of Time, ECF No. 57, is DENIED as moot.

IT IS SO ORDERED.

DATED this 17th day of September, 2024.

_s/Michael J. McShane_____
Michael McShane
United States District Judge

4 – Opinion & Order