IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ELIZABETH BOWERMAN, et al., | Case No. 6:23-cv-01488-MC |
| Plaintiffs, | OPINION & ORDER |
| v. | |
| ST. CHARLES HEALTH SYSTEM, INC., | |
| Defendant. | |

MCSHANE, Judge:

Defendant St. Charles Health System moves for an award of costs and attorney fees pursuant to Federal Rule Civil Procedure 41(d). Def. Mot., ECF No. 48. Although Plaintiffs have not responded to Defendant's Motion, the Court conducted an independent review of the request and finds all costs reasonable. The Motion is GRANTED for the reasons stated below.

Rule 41(d)(1) allows a court to award the costs of a previously dismissed action to the non-dismissing party when a plaintiff dismisses one action and subsequently files another, based on the same claims against the same defendant. Fed. R. Civ. P. 41(d)(1). The goal of Rule 41(d) is to compensate a party for "the preparation of work product rendered useless by the dismissal of [plaintiff's previous action]." *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996) (quoting *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)).

1 – Opinion & Order

That is precisely this case's origin story.[1] On April 20, 2023, a group of 11 plaintiffs ("the Hindman Plaintiffs") filed a lawsuit in the Oregon Circuit Court for Deschutes County asserting religious discrimination claims against Defendant St. Charles. Defendant moved to dismiss, arguing that the statute of limitations had expired, and the Hindman Plaintiffs, rather than responding, voluntarily dismissed the case three days before oral argument. On February 7, 2024, the Hindman Plaintiffs reappeared in the first amended complaint filed in this action, asserting the same claims against the same defendant. This Court granted Defendant's motion to dismiss and dismissed the claims of each Hindman Plaintiff, with prejudice, as time barred by the applicable statute of limitations.

In that Opinion, the Court determined that Rule 41(d) entitles Defendant to recover its reasonable costs and attorney fees associated with the Hindman Lawsuit. *See* Opinion & Order 19–20, ECF No. 39 (finding sufficient evidence of Plaintiffs' bad faith, wanton actions, and forum shopping to justify the imposition of attorney fees, as well as the costs statutorily provided by Rule 41(d)). The only piece remaining for the Court's determination is what amount to award.

Defendant seeks $884.00 in costs and $13,188.50 in fees. Def. Mot. 9. The $884.00 in costs reflects Defendant's filing fee with the Oregon Circuit Court for Deschutes County. Gibson Decl., Ex. C, ECF No. 49. As such, it is an expense unique to the Hindman Lawsuit and did not contribute to the later litigation. The $13,188.50 in fees reflects 55.5 hours of legal service incurred in the defense of the Hindman Lawsuit. Gibson Decl., Ex. B, ECF No. 49. Defendant contends that these hours were spent on tasks specific to the procedural requirements of the Oregon Circuit Court proceeding, including "(1) receiving and reviewing the state court complaint and related communications; (2) reviewing the case status in the Deschutes Circuit

---

[1] A more detailed background is provided in this Court's Order and Opinion, ECF No. 39.

2 – Opinion & Order

Court including related to service of the summons in state court and tracking relevant state court deadlines; (3) conferral and related correspondence with opposing counsel, including related to required notices under the Oregon Rules of Civil Procedure ("ORCP") and opposing counsel's multiple requests for extensions of time to respond to the filed motion to dismiss (which Plaintiffs never filed); (4) time spent reviewing and responding to the Hindman Plaintiffs' sudden voluntary notice of dismissal, the impact on the case, and related procedural issues under state law; (5) preparation for and appearance at the hearing on St. Charles' motion to dismiss; (6) analysis of the Deschutes County Circuit Court's orders related to the dismissal; and (7) preparing and drafting this petition for attorney costs and fees." Def. Mot. 6. In support of its Motion, Defendant has submitted detailed records and declarations demonstrating that Defendant's hourly rate matches prevailing market rates and that the number of hours requested is reasonable given the nature of the litigation. [2]

Defendant has met its burden. The requested amount is reasonable. Consistent with the Court's prior Opinion, Defendant's Motion, ECF No. 48, is GRANTED. Defendant is awarded $884.00 in costs and $13,188.50 in fees.

IT IS SO ORDERED.

DATED this 25th day of September, 2024.

_____s/Michael J. McShane_____
Michael McShane
United States District Judge

---

[2] The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).